### UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | |
|---|---|
| GLOCK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Court No. 23-00046 |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

_____)

### COMPLAINT

Plaintiff, Glock, Inc. ("Glock Inc." or "Plaintiff"), by and through its attorneys, Sandler, Travis & Rosenberg, P.A. and Renzulli Law Firm, LLP, alleges as follows:

### PARTIES

1.      Glock Inc. is a U.S. company incorporated under the laws of the State of Georgia with corporate headquarters in Smyrna, Georgia.  Glock Inc. manufactures certain models of GLOCK pistols from domestically manufactured components and assembles certain other models of GLOCK pistols from foreign manufactured pistol component parts that Glock Inc. imports in pistol part kits ("Kits").  This matter concerns a single entry of Kits imported from Austria and assembled by Glock Inc. in the United States.

2.      The defendant in this case is the United States, through U.S. Customs and Border Protection ("CBP" or "Customs").  CBP is responsible for the appraisement and valuation of goods imported into the United States.

### THE SUBJECT ENTRY AND PROTEST

3.      This action challenges CBP's liquidation of a single entry which was filed at the Port of Atlanta, Georgia on November 10, 2021, and was liquidated on October 21, 2022 ("The Entry").

Court No. 23-00046

4.      Glock Inc. challenged CBP's liquidation of The Entry by timely filing Protest No. 1704-22-105518 on November 16, 2022.

5.      Protest No. 1704-22-05518 was deemed denied by operation of law on December 21, 2022, following a duly mailed request for accelerated disposition.

## JURISDICTION AND STANDING

6.      This action arises under 19 U.S.C. § 1514(a)(2), as amended, to contest CBP's liquidation, appraisement, and valuation of The Entry.

7.      This Court possesses exclusive jurisdiction over this action under 28 U.S.C. § 1581(a) as amended, because the action was commenced to contest the denial of a protest under 19 U.S.C. § 1514.

8.      In accordance with 28 U.S.C. § 2636(a), this action was timely commenced by the filing of a Summons in the Court of International Trade within 180 days after Plaintiff's protest was deemed denied by operation of law. See ECF Doc. No 1 (Summons) filed on March 1, 2023.

9.      Glock Inc. has standing to bring this action pursuant to 28 U.S.C. § 2631(a) because its Summons was filed under 19 U.S.C. § 1514 to contest the deemed denial of its protest contesting the liquidation of The Entry identified in the Summons, which is the subject of this action.

10.     All liquidated duties, taxes and fees were paid prior to commencement of this action.

## BACKGROUND

11.     The merchandise covered by The Entry consists of a Kit for GLOCK Model 19RM FXD training pistols.

12.     The subject Kit consists of all components necessary for Glock Inc. to assemble twenty (20) finished/complete GLOCK Model 19RM FXD training pistols.

13.     No manufacturing processes are used in the assembly of pistols from Kits.

2

Court No. 23-00046

14.     Glock Inc. assembled the parts included in the subject Kit into finished training pistols at its facility in Smyrna, Georgia.

15.     Glock Inc. then sold the finished/complete GLOCK Model 19RM FXD training pistols to the United States Postal Inspection Service in Potomac, Maryland.

16.     All GLOCK pistols, including the GLOCK Model 19RM FXD training pistols at issue, bear a distinctive GLOCK logo and embody the unique and readily identifiable overall appearance of a GLOCK pistol, both of which are protected by trademarks registered with the U.S. Patent and Trademark Office.

17.     Mr. Gaston Glock was the inventor of the world-famous GLOCK pistols, the founder of Glock Ges.m.b.H, and the original creator and common law owner of the GLOCK trademarks.

18.     As a result of a donation and transfer by Mr. Glock, at all times relevant to this action, the rights, title and interest in and to all GLOCK trademarks were and are owned by VALUE Privatstiftung ("VALUE PS"), a private foundation that was formed and exists under Austrian law.

19.     At all times relevant to this action, Glock Inc. was and is a party to a licensing agreement with VALUE PS.

20.     Pursuant to the licensing agreement, Glock Inc. acquired and maintains the exclusive rights to the commercial use of the GLOCK trademarks within the United States.

21.     Pursuant to the licensing agreement, in exchange for the exclusive rights to the commercial use of the GLOCK trademarks in the United States, Glock Inc. pays royalties to VALUE PS based on its sales of licensed products, which includes all models of GLOCK pistols.

22.     Pursuant to the licensing agreement, Glock Inc. pays royalties to VALUE PS following its sale of licensed products in the United States.

Court No. 23-00046

23.     The royalty payment is calculated on Glock Inc.'s net sales of licensed products in the United States.

24.     Per the licensing agreement, net sales is defined as gross sales of licensed products less certain sums, including trade discounts, credits based on returns of licensed products, freight expenses and federal firearm excises taxes.

25.     Glock Inc. neither incurs nor pays a royalty as a result of the assembly of completed pistols from imported Kits.

26.     Absent a completed sale of a licensed product, Glock Inc. neither incurs nor pays a royalty on any licensed product, including GLOCK pistols.

27.     Glock Inc. incurred and paid a royalty to VALUE PS as a result of the sale of the subject training pistols that it subsequently sold to the U.S. Postal Inspection Service.

28.     In HQ H304606 dated June 24, 2021, CBP determined that the royalty payments paid by Glock Inc. to VALUE PS are dutiable because CBP believes the royalty payments constitute a cost of production.

## THE ASSESSMENT AND THE CLAIM

29.     Because the Kits are not sold in their condition as imported, Glock Inc. appraised the Kits under 19 USC § 1401a(d)(2)(A)(iii) which provides for the deductive value of imported merchandise after assembly in the United States. Further, in accordance with HQ H304606, Glock Inc. included its royalty payment to VALUE PS as part of the dutiable value of the Kits.

30.     CBP liquidated The Entry as entered without a deduction in value for the royalty payment.

31.     Because the royalty payment constitutes a "general expense" under Section 1401a(d)(3)(A)(i), the royalty payment should be deducted from the dutiable value of the Kits.

Court No. 23-00046

## **CAUSE OF ACTION**

## **COUNT I- THE ROYALTY PAYMENT IS NOT DUTIABLE**

32.    Plaintiff hereby repeats, reiterates and realleges the allegations contained in paragraphs 1 through 31, above, as if fully set forth herein.

33.    At liquidation, CBP appraised the merchandise at issue under 19 U.S.C. § 1401a(d)(2)(A)(iii) which provides:

(d) Deductive value

> (1) For purposes of this subsection, the term "merchandise concerned" means the merchandise being appraised, identical merchandise, or similar merchandise.

> (2)
>> (A)The deductive value of the merchandise being appraised is whichever of the following prices (as adjusted under paragraph (3)) is appropriate depending upon when and in what condition the merchandise concerned is sold in the United States:

>> \*\*\*

>> (iii) If the merchandise concerned was not sold in the condition as imported and not sold before the close of the 90th day after the date of importation of the merchandise being appraised, the price is the unit price at which the merchandise being appraised, after further processing, is sold in the greatest aggregate quantity before the 180th day after the date of such importation. This clause shall apply to appraisement of merchandise only if the importer so elects and notifies the customs officer concerned of that election within such time as shall be prescribed by the Secretary.

34.    Per Section 1401a(d)(3)(A)(i), deductive value shall be reduced by an amount equal to:

>> (ii) any commission usually paid or agreed to be paid, or the addition usually made for profit and general expenses, in connection with sales in the United States of imported

Court No. 23-00046

> merchandise that is of the same class or kind, regardless of
> the country of exportation, as the merchandise concerned;

35.     The royalty payment is an expense incurred after entry of the Kits and as part of Glock Inc.'s selling process and is therefore a general expense.

36.     In its internal financial statements, Glock Inc. accounts for its royalty payments as a general expense pursuant to and in accordance with U.S. Generally Accepted Accounting Principles ("U.S. GAAP").

37.     At liquidation, CBP did not allow a deduction in the deductive value of the Kits for the royalty payment.

38.     CBP's appraisement of the subject merchandise was erroneous because there is no legal basis to include the royalty payment in the dutiable value of the entered Kits and Glock Inc. is entitled to a refund equal to the excess duties paid.

## COUNT II

### CBP's Substitution of Glock Inc.'s Cost Valuation Methodology Is Contrary to Law.

39.     Plaintiff hereby repeats, reiterates and realleges the allegations contained in paragraphs 1 through 31 and 33 through 38, above, as if fully set forth herein.

40.     Pursuant to 19 U.S.C. § 1401a(d)(3)(B)(i),

> the deduction made for profits and general expenses shall be based
> upon the importer's profits and general expenses, unless such profits
> and general expenses are inconsistent with those reflected in the sale
> in the United States of imported merchandise of the same class or
> kind, in which case the deduction shall be based on the usual profit
> and general expenses reflected in such sales., as determined from
> sufficient information…

41.     Pursuant to Section 1401a(g)(3), "information that is submitted by an importer, buyer or producer in regard to the appraisement of merchandise ***may not be rejected by the customs officer concerned*** on the basis of the accounting method by which that information was prepared,

Court No. 23-00046

*if the preparation was in accordance with generally accepted accounting principles*." (emphasis added).

42.     Pursuant to Section 1401a(g)(3), "the terms generally accepted accounting principles refers to any generally recognized consensus or substantial authoritative support regarding–

      A.  which economic resources and obligations should be recorded as assets and liabilities,
      B.  which changes in assets and liabilities should be recorded
      C.  how the assets and liabilities and changes in them should be measured
      D.  what information should be disclosed and how it should be disclosed, and
      E.  which financial statements should be prepared.

43.     Glock Inc. properly accounts for its royalty payments in its internal financial statements as a general expense pursuant to and in accordance with U.S. GAAP.

44.     Rather than accept Glock Inc.'s U.S. GAAP-compliant cost valuation methodology, CBP substituted its own erroneous methodology to force an improper classification of the royalty payment as a dutiable cost of production.

45.     CBP's rejection of Glock Inc.'s cost valuation methodology wherein the royalty payment is properly classified as a general expense, and the substitution of CBP's determination that the royalty payment is somehow a cost of production, resulted in an unlawful increase in dutiable value for the subject Entry.

46.     Because Glock Inc.'s cost valuation methodology and allocations were done in accordance with U.S. GAAP, CBP's rejection of Glock Inc.'s information pertaining to its appraisement of the imported merchandise violated U.S. valuation law.

47.     Accordingly, Plaintiff Glock, Inc. is entitled to a refund equal to the excess duties it paid.

Court No. 23-00046

## <u>REQUEST FOR JUDGMENT AND RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment overruling the denial of its protest and ordering Customs to reliquidate the subject entries at the rate, value and amount of duty asserted by Plaintiff, as the importer of record, in its protest with a refund of duties, plus interest as appropriate. Plaintiff also requests such other and further relief as the Court deems appropriate and just.

Dated: January 16, 2024
        New York, New York

Respectfully submitted,

**SANDLER, TRAVIS & ROSENBERG, P.A.**

675 Third Avenue, Suite 1805-06
New York, New York 10017
Telephone: (212) 549-0137

By:   /s/ Jason M. Kenner
        JASON M. KENNER

        -and-

**RENZULLI LAW FIRM, LLP**
John F. Renzulli
Peter V. Malfa
One North Broadway, Suite 1005
White Plains, New York 10601
Telephone: (914) 285-0700

*Attorneys for Plaintiff*