UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| GLOCK, INC., | : | |
| Plaintiff, | : | Court No.  23-00046 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

# ORDER

Upon consideration of defendant's motion for entry of judgment, and plaintiff's response thereto, it is hereby

ORDERED that the appropriate officials of the U.S. Customs and Border Protection shall reliquidate entry 253-3023918-4 and refund duties paid on any royalty payment, along with any excess taxes, and fees paid with respect to the entry together with lawful interest, and further,

ORDERED that this action is hereby dismissed; and

ORDERED that plaintiff's motion to compel be denied as moot.

_____
Jennifer Choe-Groves, Judge

Dated:
   New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GLOCK, INC.,<br><br>                 Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                 Defendant. | Court No. 23-00046 |

### DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT IN PLAINTIFF'S FAVOR

Defendant, the United States (Government), respectfully requests that judgment granting relief in favor of plaintiff, Glock, Inc. (Glock), as stated herein and in the proposed order, be entered.

### BACKGROUND

Glock commenced this action to challenge the valuation[1] of the kit for model 19RM FXD training pistols in one entry.[2] In its complaint, Glock pled jurisdiction pursuant to 28 U.S.C. § 1581(a), to contest the denial of its protest. Pl.'s Compl. ¶ 7. Glock alleges that it is a party to a licensing agreement with Value Privatstiftung (Value PS), a private foundation that owns all of GLOCK trademarks. *Id*. ¶¶ 18 and 19. Glock contends that its valuation of the subject pistol kits included royalties that it paid to Value PS for the use of trademarks. *Id*. Glock further alleges that the royalty payment is not dutiable. *Id*. ¶ 38. Glock believes it is entitled to a refund

---

[1] *See* Defendant's Answer ¶ 33.

[2] This is not a test case, and there are no other cases pending before the Court involving the same legal issues. The total amount of duties paid by plaintiff on this entry is approximately $200 and the amount in controversy in this action is less than $50.

of the duties paid on the royalty payment. *Id.* ¶ 47.  Glock's complaint requests relief of ordering Customs to reliquidate the subject entry and provide "refund of the duties, plus interest as appropriate." *Id.*, Prayer for Relief.

Without conceding or admitting to any factual or legal issues,[3] and given the amount in controversy (less than $50), the Government will provide the relief legally available to Glock in this case, *i.e.*, a refund of the duties on the royalty payment for Entry No. 253-3023918-4, with lawful interest.  To the extent there may be subsequent challenges filed by plaintiff involving the valuation of pistol kits similar to the imported merchandise, those cases will be dealt with on their own facts and circumstances as they proceed through the administrative process to litigation.

In attempt to conclude this matter, we communicated our position to plaintiff's counsel on June 20th, and provided a proposed stipulation to dispose of this case.  Following communication of our agreement to reliquidate the entry in accordance with the relief requested, on June 20th, Glock filed a motion to compel discovery.  On June 21st, plaintiff's counsel declined our proposal and provided a counter-proposal.  We provided our response on June 27th, informing plaintiff's counsel that the proposed additions to the stipulation were not in accordance with USCIT Rule 58.1 and Form 9, among other reasons.

Pursuant to USCIT Rule 1, with the objective of resolving this matter efficiently to reduce or avoid any unnecessary expense by the parties or the Court, we are seeking at this early stage of litigation, the entry of an order for the reliquidation of the subject entry with a refund of the duties paid on the royalty payment, along with lawful interest refunded to Glock.  This

---

[3] We do not contest that the Court has jurisdiction over this action to enter the Order sought.

motion is in keeping with judicial precedent. In *Shah Bros. v. United States*, 9 F. Supp. 3d 1402 (Ct. Int'l Trade 2019), the Court granted defendant's motion for entry of judgment in favor of plaintiff and dismissed as moot plaintiff's motion to compel discovery because the Government agreed to reliquidate in accordance with the relief requested. Additionally, in *United States v. Zucca & Co.*, T.D. 38,959, 1921 WL 21157 (Cust. App), 11 U.S. Cust. App. 167, 171, it is stated, "[t]here can be no question with the Government it is an inherent power to confess a judgment in a claims case." Accordingly, there is no longer a justiciable case or controversy between the parties, and this action must be dismissed.[4]

## ARGUMENT

I. **LACK OF CASE OR CONTROVERSY**

Pursuant to Article III of the U.S. Constitution, "federal courts are only empowered to decide those claims which present live cases or controversies." *3V, Inc. v. United States*, 83 F. Supp. 2d 1351, 1352 (1999) (citations omitted), *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it." *California v. San Pablo & T.R. Co.*, 149 U.S. 308, 314 (1893).

"If a claim fails the Article III criteria, the Court must dismiss the claim as nonjusticiable regardless of a statutory grant of jurisdiction." *3V, Inc.*, 83 F. Supp. 2d at 1353 (citations omitted); *see also Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332 (1980) (discussing jurisdiction in the context of a federal appeal, the Court stated the following, "Should [the] substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs.")

---

[4] Dismissal of this action will also dispose of the pending motion to compel. ECF 18.

Here, reliquidating the entry at the value asserted by Glock of $5,838.25,[5] with a refund of the duties paid on the royalty payment, plus interest, is the sum of the relief that is legally available to Glock.  *See, e.g., Atteberry v. United States*, __ CIT __, 2007 WL 200925, *15 (CIT Jan. 25, 2007) ("Where – as here – the Government is willing to provide all the relief legally available to plaintiff by reliquidating Plaintiff's merchandise as entered, duty free, there is no longer a case or controversy between the parties, . . . .").  Pursuant to the limitations of Article III, Glock no longer has a justiciable case or controversy in this action, and as a result, the Court would not have jurisdiction to entertain future proceedings involving the entry in this case.  Therefore, judgment must be in entered in Glock's favor and this case must be dismissed as moot.

## II.   ANY FUTURE JUDICIAL PROCEEDING WOULD RESULT IN AN IMPERMISSIBLE ADVISORY OPINION

Prior to filing this motion for entry of judgment, we conferred with Glock's counsel and proposed entering into a stipulated judgment that affords Glock the relief described by this filing.  The proposed stipulated judgment would have concluded this action without Court intervention.  Glock, however, declined our proposal, and submitted a counter-proposal which does not comport with USCIT Rule 58.1 or Form 9, among other deficiencies.  We could not agree to Glock's revisions as they are immaterial to the resolution of this case as the United States is willing to refund the disputed duties to Glock in accordance with the relief requested in the complaint.[6]

---

[5]  Glock has asserted to the Government that this amount represents the value of the entry subject to this action less the disputed royalty payment.

[6] As a side note on the merits, in its complaint, plaintiff implies that CBP previously considered the disputed valuation issues as part of a ruling letter issued in 2021.  *See* Pl.'s Compl. ¶¶ 28, 29 (citing HQ H304606 (June 24, 2021)).  Not so, as that ruling letter analyzed a

4

Regardless of our inabilities to reach an agreement, given the Government's willingness to provide the legally available relief in this case and the judicial bounds of Article III, this action can no longer proceed forward.  As previously described, under Article III, courts are not permitted to "decide moot questions or to give advisory opinions which cannot affect the rights of litigants in the case before it."  *St. Pierre v. United States*, 319 U.S. 41, 42 (1943) (citations omitted); *see also Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983); *San Pablo*, 149 U.S. at 314 (pursuant to limitations of Article III, "the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it."). Because we are providing Glock with the full relief legally available to it, any further judicial proceedings in this matter would result in the issuance of an impermissible advisory opinion on matters that are no longer before the Court.

Accordingly, pursuant to the limitations of Article III, there is no longer a justiciable case or controversy in this action.  Any further proceedings would be outside the Court's jurisdictional authority.  *See, e.g., 3V, Inc.*, 83 F. Supp. 2d at 1353; and *Deposit Guaranty National Bank*, 445

---

different (2011) licensing agreement than the one covering the entry in this case.  We recommend that any future disagreement over the valuation of plaintiff's imported merchandise be narrowed through existing administrative processes, *e.g.*, an administrative ruling.

5

U.S. at 332. Therefore, despite Glock's reluctance, the above order should be entered in Glock's favor and this case must be dismissed.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        PATRICIA M. McCARTHY
                                        Director

                                        JUSTIN R. MILLER
                                        Attorney-In-Charge

                  By:    /s/ Aimee Lee
                             AIMEE LEE
                             Assistant Director

                             /s/ Marcella Powell
                             MARCELLA POWELL
                             Senior Trial Counsel
                             Department of Justice, Civil Division
                             Commercial Litigation Branch
                             26 Federal Plaza – Suite 346
                             New York, New York 10278
                             Attorneys for Defendant
                             (212) 264-1873

DATED:  June 26, 2024