## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JENNIFER CHO-GROVES, JUDGE

| | |
|---|---|
| GLOCK, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) Court No. 23-00046 |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff GLOCK, Inc. ("GLOCK") respectfully submits this Response in partial opposition to the Government's Motion to Amend the Scheduling Order (Doc. 39) ("Motion to Amend") to advise the Court that it had agreed to a reasonable sixty (60) day extension and briefly note its disagreement with many of the assertions made by the Government in its Motion to Amend.

### Background

This matter concerns the proper valuation of an entry of GLOCK pistol kits (the "Subject Merchandise") following a muti-year dispute with CBP. More specifically, the dutiability of trademark-related royalty payments that GLOCK makes for its net sales of products, which include pistols assembled in the United States from parts manufactured overseas. CBP HQ's previous ruling on the matter erroneously determined that the royalty payments are a dutiable cost of manufacture notwithstanding the fact that they are selling expenses and GLOCK properly accounts for its royalty payment as a cost of sale in accordance with U.S. Generally Accepted Accounting Principles ("GAAP"). GLOCK included the royalty payment in the dutiable value of the Subject Merchandise for purposes of framing this dispute for adjudication by this Court – all with CBP's

1

full knowledge and understanding that GLOCK would protest the valuation to facilitate this Court's jurisdiction. GLOCK protested the liquidation of the entry at issue and challenged the deemed denial of its protest before this Court to resolve the parties' dispute.

### The Government's Numerous Delays and Adjournments

Since this action was commenced the Government has repeatedly sought and obtained extensions of time to respond to all matters involving deadlines set by this Court's rules, beginning with the time to file its Answer and the parties' response to Rule 16 (Docs. 11 and 12), its responses to GLOCK's initial discovery requests (Doc. 18-6 at 2-3), its response to GLOCK's Motion to Compel (Docs. 23, 24 and 28), and finally its own reply in support of its now withdrawn Motion for Entry of Judgment (Doc. 28). In the background, the Government has also declined to serve Rule 26(a)(1) initial disclosures and it only recently – on August 6, 2024 – served its initial discovery demands on GLOCK, and GLOCK's responses will be timely.

Furthermore, the Government has already declined to present a Rule 30(b)(6) witness for a deposition on a September date that GLOCK noticed 37 days in advance, and it has failed to produce documents that GLOCK requested in three deposition notices with the deadline having already passed. Only now does the Government contend that it is "in the process of gathering the documents and information responsive to plaintiff's document demands" (Doc. 39 at 4). Yet those discovery responses and productions were due over three months ago, and this position is belied by the Government's decision to stand on virtually all of its discovery objections and evasive responses. *See* Defendant's Response to GLOCK's Motion to Compel (Doc. 34). And finally, while the Government contends that it "has already produced the non-privileged portions of the file for HQ H304606 (June 24, 2021)," (Doc. 39 at 4), its production to-date is a mere 94 documents

consisting of 408 pages – of which 119 pages are duplicates – and covering the limited time period of only January 2021 to July 2021.

### The Government's Repeated Narrative

After a lengthy and ongoing discovery dispute between the parties which is the subject of GLOCK's pending Motion to Compel (Doc. 18), the Government filed its now withdrawn motion requesting that this Court enter a judgment directing CBP to refund the duty difference on the Subject Merchandise and dismiss this action. *See* Motion for Entry of Judgment (Doc. 21). The Government's Motion to Amend touts that motion as an attempt to "provide plaintiff with the relief legally available to Glock" and claims that it was filed to avoid "expending extensive time, resources, and costs litigating this case" in accordance with USCIT Rule 1. (Doc. 39 at 3). The Government's actions in this case, however, have had the exact opposite effect.

By filing the Motion for Entry of Judgment rather than participate in discovery, the Government forced GLOCK to undertake the time and expense necessary to oppose the motion and engage in a lengthy court conference. Indeed, the Motion to Amend's repeated narration of the Government's apparent justification for its actions is just another attempt to dissuade this Court of the fact that its decision on the dutiability of the royalty payment for the Subject Merchandise will transcend this action and determine the proper valuation of GLOCK's thousands of other entries (both past and future). Millions of dollars are ultimately at stake.

### CONCLUSION

While GLOCK welcomes the Government's interest in engaging in discovery – and has been working diligently to expeditiously respond to the Government's recent discovery requests – it has been the Government's actions to-date (or lack thereof) that have caused it to seek an extension of the previously agreed-upon scheduling order deadlines. Consequently, the procedural

3

posture of this case does not warrant a 90-day extension, and GLOCK respectfully requests that the Court enter an order extending the current deadlines by a period of or less than 60 days.

Dated: White Plains, New York
   September 4, 2024

              Respectfully submitted,

              **RENZULLI LAW FIRM, LLP**
              One North Broadway, Suite 1005
              White Plains, New York 10601
              Telephone: (914) 285-0700

              By: */s/ Peter V. Malfa*
                JOHN F. RENZULLI
                PETER V. MALFA

                -and-

              **SANDLER, TRAVIS & ROSENBERG, P.A.**
              JASON M. KENNER
              675 Third Avenue, Suite 1805-06
              New York, New York 10017
              Telephone: (212) 549-0137

              *Attorneys for Plaintiff*